```
           IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF KANSAS
```

**MILO A. JONES,**
      **Petitioner,**

    **v.**                         **CASE NO. 06-3100-SAC**

**RAY ROBERTS, et al.,**
      **Respondents.**

### O R D E R

This is a petition for writ of habeas corpus, 28 U.S.C. 2254, filed by an inmate of the El Dorado Correctional Facility, El Dorado, Kansas (EDCF). Petitioner claims that use of his prior juvenile adjudications to enhance his sentence violated <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000) and <u>Blakely v. Washington</u>, 542 U.S. 296 (2004). An order to show cause issued, respondents filed an Answer and Return, and petitioner filed a Traverse. Having examined all the materials filed, the court finds as follows.

Respondents assert, and allege facts in support, that this federal Petition was not filed within the statute of limitations. Petitioner does not refute the following facts set forth in the Answer and Return. In January, 1999, petitioner was convicted in Sedgwick County District Court of robbery, battery, and two counts of obstructing legal process or official duty in Case No. 98-CR-1897. On the same day he pled guilty to three counts of aggravated robbery in Case No. 98-CR-1956. He

was sentenced in both cases in February, 1999, to consecutive terms of 137 and 194 months, respectively. Respondents state that in "both cases, petitioner's numerous juvenile adjudications were included in calculating his criminal history score for sentencing purposes." Petitioner appealed his convictions to the Kansas Court of Appeals (KCOA), which affirmed on June 2, 2000. Petitioner did not file a Petition for Review[1] of his convictions in the Kansas Supreme Court.

On January 30, 2003, petitioner filed a Motion to Vacate Sentence in the Sedgwick County District Court alleging his sentence violated Apprendi. The district court denied the Motion to Vacate on February 19, 2003. Petitioner appealed the denial, and the KCOA summarily affirmed on November 19, 2004. Its ruling was based upon cases decided by the Kansas Supreme Court in 2002, namely State v. Ivory, 273 Kan. 44, 41 P.3d 781 (2002) and State v. Hitt, 273 Kan. 224, 72 P.3d 732 (2002), cert. denied, 537 U.S. 1104 (2003), holding that the use of juvenile adjudications in calculating criminal history was not unconstitutional under Apprendi. See also U.S. V. Wilson, 244 F.3d 1208, 1216-17 (10th Cir. 2001), cert. denied, 533 U.S. 962 (2001). The Kansas Supreme Court denied review on March 1,

---

[1] The limitations period is tolled for any time allowed by state law for filing an appeal or seeking rehearing, even if no such filing is made. Serrano v. William, 383 F.3d 1181, 1185 (10th Cir. 2004); Gibson v. Klinger, 232 F.3d 799, 804 (10th Cir. 2000). Respondents allege Kansas Supreme Court Rule 8.03(a)(1) establishes a 30-day period to seek review of a KCOA decision.

2005. Petitioner filed a petition for writ of certiorari in the United States Supreme Court which was denied on October 3, 2005. Petitioner executed the federal Petition filed in this case on March 31, 2006.

Respondents correctly state that this federal Petition is governed by the Antiterrorism and Effective Death Penalty Act (AEDPA). Under 28 U.S.C. 2244(d)(1) of the AEDPA a person in custody pursuant to a state court judgment has a one-year period from the date his conviction becomes "final" in which to file a 2254 petition in federal court. This limitation period is tolled during the time "a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. 2244(d)(2).

Mr. Jones' 1999 state court convictions became "final" after the KCOA affirmed them on direct appeal (June 2, 2000), and the 30-day period expired for filing a Petition for Review in the Kansas Supreme Court. Thus, they assert the statute of limitations began running in this case on July 2, 2000. Gibson, 232 F.3d at 804. Respondents then allege Jones took no further action until January 30, 2003, when he filed his Motion to Vacate in the Sedgwick County District Court. From these facts, respondents argue that the statute of limitations commenced running on July 2, 2000, and absent further tolling, expired on July 2, 2001.

The limitations period may also be subject to equitable tolling; however, the burden is on the petitioner to show that "extraordinary circumstances prevented him from filing his petition on time." The Tenth Circuit Court of Appeals explained equitable tolling in Gibson, 232 F.3d at 808. They held that equitable tolling is warranted only in "rare and exceptional circumstances." Id., *quoting* Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998), cert. denied, 526 U.S. 1074 (1999); Felder v. Johnson, 204 F.3d 168, 170-71 (5th Cir.), cert. denied, 531 U.S. 1035 (2000). To qualify for such tolling, petitioner must demonstrate that extraordinary circumstances beyond his control prevented him from filing his petition on time, and that he diligently pursued his claims throughout the period he seeks to toll. Gibson, 232 F.3d at 808; Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000), cert. denied, 531 U.S. 1194 (2001). For example, the Tenth Circuit has stated that equitable tolling is appropriate where a prisoner is actually innocent; when an adversary's conduct or other uncontrollable circumstances prevent a prisoner from timely filing; or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period. Gibson, 232 F.3d at 808; Burger v. Scott, 317 F.3d 1133, 1141 (10th Cir. 2003).

Petitioner has not refuted respondents' allegations in the Answer and Return that his federal Petition was not timely

filed. Nor has he alleged any facts indicating that additional statutory or equitable tolling is justified in this case. Petitioner shall be given twenty (20) days to show cause why this action should not be dismissed as time-barred under 28 U.S.C. 2244(d)(1).

The court has considered petitioner's Motion To Appoint counsel (Doc. 3) and finds it should be denied at this juncture. Petitioner is not entitled to counsel in a federal habeas corpus proceeding and has adequately presented his claims.

**IT IS THEREFORE ORDERED** that petitioner is granted twenty (20) days in which to show why this action should not be dismissed as time-barred.

**IT IS FURTHER ORDERED** that petitioner's Motion to Appoint Counsel (Doc. 3) is denied.

**IT IS SO ORDERED.**

**DATED: This 27th day of June, 2006, at Topeka, Kansas.**

s/ Sam A. Crow
U.S. Senior District Judge