IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MILO A. JONES,
      Petitioner,

v.                                                    CASE NO. 06-3100-SAC

RAY ROBERTS, et al.,
      Respondents.


**MEMORANDUM AND ORDER**

In this Petition for writ of habeas corpus, 28 U.S.C. 2254, Mr. Jones claims that use of his prior juvenile adjudications to enhance his Kansas sentences violated the rule of Apprendi v. New Jersey, 530 U.S. 466 (2000) and its application in Blakely v. Washington, 542 U.S. 296 (2004)[1]. The United States Supreme Court held in Apprendi: "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum[2] must be submitted to a jury, and proved beyond a reasonable doubt." Apprendi, 530 U.S. at 490. Petitioner alleges that, under

---

[1] Apprendi involved a New Jersey hate-crime statute, which permitted a 20-year sentence, despite the usual 10-year maximum, if the judge found the crime was motivated by "hate." Blakely involved a Washington statute, which allowed the trial judge to sentence the defendant to more than three years over the 53-month statutory maximum after finding he acted with "deliberate cruelty" in kidnaping his wife.

[2] "The relevant 'statutory maximum' is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose without any additional findings." Blakely. at 303-04.

Apprendi and its progeny, the sentencing court violated his Sixth and Fourteenth Amendment rights by enhancing his sentence on the basis of facts not submitted to and found by a jury.

An order to show cause issued, respondents filed an Answer and Return, and petitioner filed a Traverse.  Having considered all materials filed, the court finds as follows.

**FACTS AND PROCEDURAL HISTORY**

In January, 1999, Mr. Jones was convicted by a jury in Sedgwick County District Court of one count of robbery, one count of battery, and two counts of obstruction in Case No. 98-CR-1897.  On the same day he pled guilty to three counts of aggravated robbery in Case No. 98-CR-1956.  He was sentenced in both cases in February, 1999, to consecutive terms of 137[3] and 194 months, respectively. Respondents allege that in "both cases, petitioner's numerous juvenile adjudications were included in calculating his criminal history score for sentencing purposes."   Petitioner appealed his jury convictions to the Kansas Court of Appeals (KCOA), which affirmed on June 2, 2000.  He then had 30 days to file a Petition for Review in

---

[3] Petitioner's primary offense of conviction was for robbery in violation of K.S.A. § 21-3426, a non-drug grid, Level 5, person felony. The presumptive sentencing range is shown on the journal entry of judgment to be Low 122, Mid 130, and High 136. Petitioner was sentenced to 130 months on this offense, the mid guideline range.

the Kansas Supreme Court[4]. Kansas Supreme Court Rule 8.03(a)(1). This period expired on July 2, 2000, with no further appeal filed. <u>Apprendi</u> was decided by the U.S. Supreme Court on June 26, 2000.

On January 30, 2003, over a year and a half after <u>Apprendi</u> was announced, petitioner filed Motion to Vacate Sentence in the Sedgwick County District Court claiming his sentences violated <u>Apprendi</u>. The district court summarily denied the Motion to Vacate on February 19, 2003. Petitioner appealed the denial, and the KCOA affirmed on November 19, 2004. Its ruling was expressly based upon cases decided by the Kansas Supreme Court in 2002, <u>State v. Ivory</u>, 273 Kan. 44, 41 P.3d 781 (2002) and <u>State v. Hitt</u>, 273 Kan. 224, 42 P.3d 732 (2002), <u>cert</u>. <u>denied</u>, 537 U.S. 1104 (2003), holding that the use of juvenile adjudications in calculating criminal history was not unconstitutional under <u>Apprendi</u>. The Kansas Supreme Court denied a Petition for Review on March 1, 2005. Mr. Jones then filed a Petition for Writ of Certiorari in the United States Supreme Court, which was denied on October 3, 2005. Petitioner executed the federal Petition filed in this case on March 31, 2006.

**CLAIMS AND ARGUMENTS**

In his Petition for Writ of Certiorari, Mr. Jones alleged the

---

[4] The limitations period is tolled for any time allowed by state law for filing an appeal or seeking rehearing, even if no such filing is made. <u>Serrano v. William</u>, 383 F.3d 1181, 1185 (10th Cir. 2004); <u>Gibson v. Klinger</u>, 232 F.3d 799, 804 (10th Cir. 2000).

pre-sentence investigator found his criminal history fell into category "A" (three or more person felonies) based on prior convictions, making the presumptive range for his primary offense of robbery 122-136 months.  Petitioner further alleged that if the "state trial court did not consider the prior convictions and adjudications in this case, Mr. Jones would fall into criminal history (category) "I" (no prior convictions) and his sentencing range for robbery would have been 31 to 34 months."  Petitioner noted that pursuant to the Kansas Sentencing Guidelines Act (KSGA) the sentencing range is dependent upon the severity level of the crime as well as the criminal history finding, and the top of the sentencing range constitutes the statutory maximum penalty.  He thus asserted that "the trial judge's findings regarding Mr. Jones' criminal history increased his maximum sentence more than 100 months, effectively quadrupling his prison sentence."  Petition (Doc. 1) Attach. 1 at 5.

**TIMELINESS OF PETITION**

    **I.  Statutory Tolling**

Under 28 U.S.C. 2244(d)(1), a person in custody pursuant to a state court judgment has a one-year period in which to file a 2254 petition in federal court.  This limitation period is tolled during the time "a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or

claim is pending." 28 U.S.C. 2244(d)(2).

Respondents allege that Mr. Jones' 1999 state court convictions became "final" after the KCOA affirmed them on direct appeal (June 2, 2000), and the 30-day period expired for filing a Petition for Review in the Kansas Supreme Court. Thus, respondents assert the statute of limitations began running in this case on July 2, 2000. Gibson, 232 F.3d at 804. Respondents then allege Jones took no further action until January 30, 2003, when he filed his Motion to Vacate in Sedgwick County District Court. From these facts, respondents argue that the statute of limitations for filing this federal habeas action expired on July 2, 2001, over 18 months before petitioner's state post-conviction motion was filed.

The statute of limitations for federal habeas corpus actions in 28 U.S.C. 2244(d)(1), provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id. Thus, as a general rule, the period of limitation runs from the date the judgment became "final" as provided in subsection (A), unless a petitioner alleges facts that would implicate the provisions set forth in subsections (B), (C), or (D). Preston v. Gibson, 234 F.3d 1118, 1120 (10th Cir. 2000).

Petitioner filed a Response to the Answer and Return claiming his Petition should be considered timely under subsection (C) of 28 U.S.C. 2241(d)(1) quoted above. He asserts Apprendi and Blakely announced a new constitutional rule that applies to his case and entitles him to relief. He therefore argues that the start date of the limitations period in his case should be determined under subsection (C) rather than subsection (A), and that the one-year limitations period began to run from "the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review."

The court finds that subsection (C) of 28 U.S.C. § 2244(d)(1) does not apply under the facts of this case[5]; and even if it did,

---

5

Since petitioner's direct appeal was still pending at the time Apprendi was announced, application of the rule in Apprendi to his case would not be retroactive. Even though petitioner did not assert his Apprendi claim on direct appeal, he was allowed to present it by state post-conviction motion to the Kansas appellate courts, where it was denied on the merits. Apprendi established a new rule of constitutional criminal procedure, which applies in cases where the convictions at issue were not yet final when the decision was announced. See Schriro v. Summerlin, 542 U.S. 348 (2004).

the Petition was not timely filed.  Apprendi was decided just days prior to petitioner's conviction becoming "final" on July 2, 2000, under subsection (A).  Section 2244(d)(1) provides that the later start date is the applicable one, which in this case is July 2, 2000, under subsection (A).  See 28 U.S.C. § 2244(d)(1) (The limitation period shall run from the latest of the four options presented in the statute).  Moreover, under subsection (C), the statute of limitations for filing Mr. Jones' federal Petition began on the date Apprendi was decided, June 26, 2000; ran uninterrupted for a year; and expired June 26, 2001.  Thus, even if petitioner is entitled to rely on 28 U.S.C. § 2244(d)(1)(C) for the start date of the statute of limitations in his case, his Petition is still untimely.

Petitioner's attempt to avoid Section 2244(d)(1)'s time bar by invoking the subsection (C) exception for newly recognized constitutional rights is based upon the 2000 opinion in Apprendi.

---

Since Apprendi was decided days before petitioner's Kansas convictions became "final," the rule announced therein does not qualify with respect to him as a right "newly recognized by the Supreme Court" under § 2244(d)(1)(C).  See Clark v. Bruce, 159 Fed.Appx. 853, (10th Cir. Dec. 20, 2005, unpublished)(A copy of this unpublished opinion is attached in accordance with Tenth Circuit Court of Appeals rules).

However, even if Apprendi were decided after Mr. Jones' convictions became "final" so application to his case would be retroactive, subsection (C) refers to rules newly announced by the Supreme Court and  "made retroactively applicable to cases on collateral review." 28 U.S.C. § 2244(d)(1)(C).  The Supreme Court's holdings in Apprendi and its progeny have not been "made retroactively applicable" to cases on collateral review.  The Tenth Circuit Court of Appeals has also refused to apply Apprendi retroactively to cases on collateral review.  United States v. Mora, 293 F.3d 1213, 1219 (10th Cir. 2002)(Apprendi is not retroactively applicable to habeas petitions).  It follows that subsection (C) literally does not apply to petitioner's case.

Petitioner also cites the Supreme Court's much more recent decision in <u>Blakely</u>, and his allegations might be construed as asserting that the one-year limitation period did not begin to run in his case until after <u>Blakely</u> was announced in 2004. However, as discussed earlier, subsection (C) only applies when the new right has been "made retroactively applicable to cases on collateral review." 28 U.S.C. § 2244(d)(1)(C). In this Circuit, <u>Blakely</u> is not applied retroactively to cases on collateral review. <u>United States v. Price</u>, 400 F.3d 844, 849 (10th Cir.), <u>cert</u>. <u>denied</u>, 126 S.Ct. 731 (2005)(<u>Blakely</u> does not apply retroactively to convictions that were already final at the time the Court decided <u>Blakely</u>.). Furthermore, <u>Blakely</u> did not set forth a new constitutional rule material to the facts of petitioner's case significantly different from that already announced in <u>Apprendi</u>. Consequently, <u>Blakely</u> did not restart the running of petitioner's one-year limitations period for filing a federal habeas petition.

Even though 28 U.S.C. § 2244(d)(2) provides that the one-year limitation period is tolled during the time a properly filed application for state post-conviction relief is pending, <u>Habteselassie v. Novak</u>, 209 F.3d 1208, 1210-11 (10th Cir. 2000), petitioner is not entitled to this statutory tolling because his state post-conviction motion was not commenced until the limitations period had already expired. Therefore, additional statutory tolling is unavailable in this case.

8

**II.  Equitable Tolling**

Although the statute of limitations contained in § 2244(d) is not jurisdictional and may be subject to equitable tolling, "this equitable remedy is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000).  Petitioner in this case has not identified, and the record does not suggest, any extraordinary circumstances that would justify equitable tolling of the one-year limitations period.  Accordingly, the court finds no entitlement to equitable tolling.

**MERITS OF APPRENDI CLAIM**

Even if this Petition were timely, this court would find Mr. Jones does not allege sufficient facts, and there is no controlling and convincing legal authority, in support of his Apprendi claim. A writ of habeas corpus may not be granted unless the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or, "was based on an unreasonable determination of the facts in light of the evidence presented at trial."  28 U.S.C. § 2254(d)(1) & (2).  The Supreme Court has instructed that a state court decision is "contrary to" clearly established federal law "if the state court applies a rule that

9

contradicts the governing law set forth in our cases" or if the state court "confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from our precedent." Williams v. Taylor, 529 U.S. 362, 405-06 (2000). A state court decision is an unreasonable application of federal law "if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. at 413.

The use of petitioner's prior convictions to enhance his sentences was neither contrary to, nor an unreasonable application of, clearly established United States Supreme Court precedent. Rather, it was consistent with Apprendi, Blakely, and Almendarez-Torres v. United States, 523 U.S. 224 (1998). This is apparent in Mr. Jones' Petition for Certiorari, where he urged the Supreme Court to "reach and clearly determine the constitutional issue not presented in Shepard"[6] and to overturn Almendarez-Torrez.

Petitioner's contention that the state court's use of prior juvenile adjudications to enhance his sentence violates Apprendi is similar to the position taken by the Ninth Circuit in U.S. v. Tighe, 266 F.3d 1187, 1194 (9th Cir. 2001). However, the Tighe decision is contrary to the "emerging majority view" expressed by a number of

---

[6] Shepard v. U.S., 544 U.S. 13 (2005), holding the rule in Apprendi is also relevant to sentencing under the Armed Career Criminal Act.

other courts. Most notably, the Kansas Supreme Court in <u>State v. Hitt</u>, 42 P.3d at 740, acknowledged but rejected the analysis in <u>Tighe</u>. <u>Id.</u>; <u>see</u> <u>Apprendi</u>, 530 U.S. at 488 (the prior conviction exception is based upon the premise, approved in <u>Almendarez-Torres</u>, that "recidivism is a traditional, if not the most traditional, basis for a sentencing court's increasing an offender's sentence"); <u>Ryle v. State</u>, 842 N.E.2d 320, 323 (Ind. 2005), <u>cert</u>. <u>denied</u>, ___S.Ct.___, 2006 WL 1523008 (Oct. 2, 2006)(recognizing the long-standing use of "criminal behavior reflected in delinquent adjudications" to enhance adult criminal sentences); Barry C. Feld, "The Constitutional Tension Between <u>Apprendi</u> and <u>McKeiver</u>: Sentence Enhancements Based on Delinquency Convictions and the Quality of Justice in Juvenile Courts," 38 Wake Forest L.Rev. 1111, 1184 (2003)("the use of prior delinquency convictions to enhance adult sentences has a long lineage").

Other state courts have reasoned in accord with <u>Hitt</u>, and three federal circuit courts have disagreed with <u>Tighe</u>. The Eighth Circuit held that juvenile adjudications can properly be characterized as "prior convictions" for the <u>Apprendi</u> exemption, because "juvenile adjudications, like adult convictions, are so reliable that due process of law is not offended by such an exemption." <u>U.S. v. Smalley</u>, 294 F.3d 1030, 1032-33 (8th Cir. 2002), <u>cert</u>. <u>denied</u>, 537 U.S. 1114 (2003). The Third Circuit agreed, holding that a "prior nonjury juvenile adjudication that was

11

afforded all constitutionally-required procedural safeguards can properly be characterized as a prior conviction for Apprendi purposes." United States v. Jones, 332 F.3d 688, 696 (3d Cir. 2003), cert. denied, 540 U.S. 1150 (2004). The Eleventh Circuit has followed the Eighth and Third Circuit decisions. United States v. Burge, 407 F.3d 1183, 1190 (11th Cir.), cert. denied, ___U.S.___, 126 S.Ct. 551 (2005).  In the aftermath of these contrary circuit decisions, the Ninth Circuit concluded in a more recent state habeas case that a state court's use of prior juvenile adjudications as a sentencing enhancement could not be held contrary to, or an unreasonable application of, current United States Supreme Court precedent.[7]  Boyd v. Newland, 455 F.3d 897 (9th Cir. 2006).  This Court likewise concludes that the Kansas court's enhancement of petitioner's sentence based on prior juvenile convictions, was neither contrary to, nor involved an unreasonable application of, clearly establish federal law.

The state courts' application of federal law to Mr. Jones' case

---

[7]

> The Ninth Circuit reasoned in Boyd:
> Although we are not suggesting Tighe was incorrectly decided, as some of these varying interpretations of Apprendi suggest, the opinion does not represent clearly established federal law "as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). . . . [I]n the face of authority directly contrary to Tighe, and in the absence of explicit direction from the Supreme Court, we cannot hold that the California courts' use of petitioner's juvenile adjudication as a sentencing enhancement was contrary to, or involved an unreasonable application of, Supreme Court precedent. Boyd, 455 F.3d at 910.

based upon Kansas Supreme Court precedent was not unreasonable. The Kansas Supreme Court had held there is no federal or state constitutional right to a jury trial in juvenile proceedings. Hitt, 42 P.3d at 738; see also McKeiver v. Pennsylvania, 403 U.S. 528 (1971); 38 K.S.A. § 1656[8].

In Hitt, cited as the basis for denying Mr. Jones' claim, the Kansas Supreme Court noted, "prior juvenile adjudications are not mentioned in the Kansas statute criminalizing" robbery, "and the criminal history score in Kansas is determined according to an entirely independent statute which applies to all crimes." Id. at 739. Kansas statutes provide rights for juvenile offenders in the Juvenile Justice Code, K.S.A. 38-1601, et seq.:

> A juvenile has the right to an attorney, K.S.A. 38-1606; the right to have the offense proven beyond a reasonable doubt, K.S.A. 38-1654; and the right to fair notice of the charges filed, K.S.A. 38-1612, K.S.A. 38-1622, and K.S.A. 38-1633. A panoply of additional rights are set forth in K.S.A. 38-1633, including the presumption of innocence and the rights to trial without unnecessary delay, to confront witnesses, and to testify or decline to testify.

Id. at 738. The Kansas Supreme Court observed in Hitt:

> The advent of the KSGA, with its calculation of sentences based on the severity level of the crime and the defendant's criminal history score, brought into question whether juvenile adjudications could be considered in

---

[8] K.S.A. 38-1656 provides:
> In all cases involving offenses committed by a juvenile which, if done by an adult, would make the person liable to be arrested and prosecuted for the commission of a felony, the judge may order that the juvenile be afforded a trial by jury. Upon the juvenile being adjudged to be a juvenile offender, the court shall proceed with sentencing.

>     calculating criminal history.  Clearly, the legislature
>     intended it to be so, as reflected in the plain language
>     of K.S.A. 21-4710(a).

Id.  They also noted the issue was calculation of a criminal history score, and petitioner was seeking no less than removal of consideration of non-jury juvenile adjudications from the KSGA calculation of such scores.  The Kansas Supreme Court reasonably declare its unwillingness to upend "the KSGA without an unmistakable mandate from the United States Supreme Court."  Id. at 739-40.  They reasoned and concluded:

> Apprendi created an exception allowing the use of a prior
> conviction to increase a defendant's sentence, based on
> the historical role of recidivism in the sentencing
> decision and on the procedural safeguards attached to a
> prior conviction.  Juvenile adjudications are included
> within the historical cloak of recidivism and enjoy ample
> procedural safeguards; therefore, the Apprendi exception
> for prior convictions encompasses juvenile adjudications.
> Juvenile adjudications need not be . . . proven to a jury
> beyond a reasonable doubt before they can be used in
> calculating a defendant's criminal history score under the
> KSGA.

Id.

Mr. Jones' factual allegations in his federal Petition cannot be construed to refute that "many procedural safeguards attach to juvenile adjudications under the federal and state Constitution and also under Kansas statutes."  See Hitt, 42 P.3d at 740.  Nor does petitioner allege any facts indicating that his juvenile adjudications, in particular, were without sufficient due process, or otherwise unreliable.  Instead, he simply argues the use of his criminal history including juvenile adjudications violated Apprendi,

14

because the jury did not find the priors as facts. Most jurisdictions reasonably hold that reliability, not the right to a jury trial, is the "sine qua non" for use of prior convictions to enhance a sentence, and that the reliability of juvenile adjudications is sufficiently assured by the constitutional rights afforded to juveniles in delinquency proceedings. See e.g. Burge, 407 F.3d at 1191; Jones, 332 F.3d at 696; Smalley, 294 F.3d at 1032-33; People v. Lee, 4 Cal.Rptr.3d 642, 647 (Cal.Ct.App. 2003), cert. denied, 542 U.S. 906 (2004); Ryle, 842 N.E.2d at 323; Hitt, 42 P.3d at 732; State v. Weber, 112 P.3d 1287, 1294 (Wash.Ct.App. 2005)(Petition for Review granted Jan. 31, 2006). This court agrees, and holds that the Kansas courts' conclusion that juvenile adjudications fall within the Apprendi prior conviction exception, despite the lack of a right to jury trial in delinquency proceedings, is not shown to be unreasonable or contrary to established Supreme Court precedent.

In sum, the court concludes that the Petition herein was not filed within the statute of limitations, and this action must be dismissed as time-barred as a result. The court additionally concludes that even if the Petition were not untimely, no claim for federal habeas corpus relief is stated.

**IT IS THEREFORE ORDERED** that this action is dismissed as time-barred, and all relief is denied.

**IT IS SO ORDERED.**

**DATED:** This 19th day of October, 2006, at Topeka, Kansas.

<u>s/ Sam A. Crow</u>
U.S. Senior District Judge